IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RUTH TAYLOR,<br><br>                Defendant. | 8:12CR82<br><br>ORDER |

      This matter is before the court on the defendant Ruth Taylor's (Taylor) Written Objection to Answer of the Garnishee and Request for Hearing (Filing No. 45)[1] and Amended Written Objection to Answer of the Garnishee and Request for Hearing (Filing No. 51). Taylor filed an amended brief (Filing No. 56) and affidavit (Filing No. 56-1) in support of the objection. The United States filed a brief (Filing No. 52), an index of evidence (Filing No. 53), and a reply brief (Filing No. 57), with an attached affidavit (Filing No. 57-1) in opposition to Taylor's objection.

## BACKGROUND

      On December 6, 2012, the court accepted Taylor's plea agreement and sentenced Taylor for fraudulent representation to obtain disability benefits in violation of 42 U.S.C. § 408(a)(4). **See** Filing No. 32. The sentence included a three-year term of probation and restitution in the amount of $61,118.99, due and payable immediately. *Id.* at 3, 6. As of September 10, 2013, $55,134.39 remained owing on the restitution amount. **See** Filing No. 53-1 Donato Decl. ¶ 4. The conditions of probation include Taylor making payments on the restitution and "provid[ing] the probation officer with access to any requested financial information." **See** Filing No. 32, p. 4 ¶¶ 5, 7.

      Upon request from her probation officer, Taylor provided personal financial statements on February 15, 2013, and August 6, 2013. **See** Filing No. 53-1 p. 40-52 Donato Decl. Exs. E1 and E2. Neither of the statements disclosed any account

---

[1] Taylor "affirmatively acknowledges that she is not challenging the other two grounds in her objection, namely, defendant acknowledges that the judgment was not entered by default and defendant does not challenge the government in their assertion that they followed the procedures set forth in the FDCPA." **See** Filing No. 56 - Brief p. 1-2. Accordingly, the initial objection is overruled as moot.

containing funds in excess $171,000. *Id.* However, in response to a Writ of Garnishment served on August 9, 2013, a credit union provided information that Taylor is the joint owner of a checking account and a savings account, which has an approximate value in excess of $171,000. **See** Filing No. 49.

Taylor argues the credit union savings account is exempt from garnishment, pursuant to Neb. Rev. Stat. § 44-371, because the account contains only life insurance proceeds. **See** Filing No. 56 - Brief p. 1. Taylor provided an affidavit explaining her biological son, Darrell Taylor, died in 2011. **See** Filing No. 56-1 Taylor Aff. ¶ 2. Taylor states she was the named beneficiary of a life insurance policy and received $286,103.55, after expenses, on February 27, 2012. *Id.* ¶¶ 3-4. Taylor states the insurance proceeds were initially placed in a benefit management account then transferred to the credit union savings account. *Id.* ¶ 5. Taylor states the only money ever deposited into the credit union savings account was the proceeds from the life insurance policy. *Id.* ¶ 6. Taylor further explains:

> 13. I failed to disclose the contents of this account to the probation office purely as an oversight. I certainly recognize how the sequence of events leads to the assumption that was made by probation and alluded to in the brief by the government, however, the way the request was phrased to me led me to believe they were not seeking information regarding this account;
>
> 14. The additional $40,500 that was put into the account between June 30, 2013 and September 11, 2013 was deposited by myself. I removed the money in an attempt to pay the remaining restitution amount to the probation office. I was informed that this is not the correct procedure for doing this and I deposited the money back into the account;

*Id.* ¶¶ 13-14.

## ANALYSIS

Taylor seeks to protect her interest in the credit union savings account from garnishment arguing the entire amount constitutes life insurance proceeds and, as such, is exempt from garnishment under Nebraska state statute, which provides:

> all proceeds, cash values, and benefits accruing under any annuity contract, under any policy or certificate of life insurance payable upon the death of the insured to a

2

> beneficiary other than the estate of the insured, or under any accident or health insurance policy shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors of the insured and of the beneficiary if related to the insured by blood or marriage, unless a written assignment to the contrary has been obtained by the claimant.

Neb. Rev. Stat. § 44-371(1)(a).

The United States moved for writ of garnishment under the Federal Debt Collection Procedures Act (FDCPA) seeking seizure of the defendant's interests in her savings account to satisfy the restitution order. The parties agree the statutory prerequisites to garnishment were satisfied under 28 U.S.C. § 3205(b). **See** Filing No. 52 - Brief p. 4; Filing No. 56 - Response p. 2. The defendant has the burden of proving any valid grounds exist to sustain an objection to garnishment. **See** 28 U.S.C. §§ 3202(d)(1), 3205(c)(5). The United States argues Taylor failed to prove she is entitled to the state law exemption either factually or legally. **See** Filing No. 57 - Reply p. 6.

Taylor was convicted of making a fraudulent representation to obtain disability benefits, in violation of 42 U.S.C. § 408(a)(4). "Any Federal court, when sentencing a defendant convicted of an offense under subsection (a) of this section, may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to the victims of such offense . . . ." 42 U.S.C. § 408(b)(1). The statutory section specifies, "Sections 3612, 3663, and 3664 of Title 18 shall apply with respect to the issuance and enforcement of orders of restitution to victims of such offense under this subsection." 42 U.S.C. § 408(b)(2). Sections 3663 and 3664 provide procedures for issuance and enforcement of restitution orders. **See** 18 U.S.C. §§ 3663, 3664. For example, section 3664 requires the defendant to "prepare and file with the probation officer an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant . . ., the financial needs and earning ability of the defendant and the defendant's dependents. . . ." 18 U.S.C. § 3664(d)(3). "[A]n order of restitution made pursuant to sections . . . 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code [(IRC)] of 1986." 18 U.S.C.

§ 3613(c). Pursuant to the Mandatory Victims Restitution Act (MVRA), section 3613(a), the United States may enforce a restitution order:

> in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against **all property or rights to property of the person fined**, except that--
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

18 U.S.C. § 3613(a) (emphasis added). The section 6334(a) exemptions includes items such as clothing, school books, undelivered mail, and some personal and professional effects. **See** 26 U.S.C. § 6334.

The parties agree section 6334 does not provide an exemption for life insurance proceeds. **See** Filing No. 52 - Brief p. 6; Filing No. 56 - Response p. 1; Filing No. 57 - Reply p. 1. Rather, the parties dispute whether the IRC exemptions are the only exemptions applicable under the circumstances. More specifically, Taylor disputes whether section 3613 applies -- that is whether the restitution lien has the same force and effect as a tax lien. **See** Filing No. 56 - Response p. 2-3.

"Federal law governs what is exempt from federal levy." ***United States v. Mitchell***, 403 U.S. 190, 204 (1971). Accordingly, exempt status under state law does not create a federal exemption. **See** *id.* The exemptions referenced by 18 U.S.C. § 3613(a)(1) are a detailed and exclusive list. **See** ***Medaris v. United States***, 884 F.2d 832, 833 (5th Cir. 1989) (noting Congress broadly defined a debtor's property subject to attachment and while the property interest is determined by state law, federal law dictates the tax consequences) (**quoting** ***United States v. National Bank of Commerce***, 472 U.S. 713, 720 (1985)). "To the extent [State] law is inconsistent with the FDCPA and MVRA, [State] law is preempted. ***United States v. DeCay***, 620 F.3d 534, 543 (5th Cir. 2010) (**citing** 28 U.S.C. § 3003(d) (FDCPA)). Courts have held State law exemptions for property, such as pension benefits, do not afford exemptions under the IRC. **See** ***DeCay***, 620 F.3d at 540-41, 543; ***United States v. Hosking***, 567 F.3d

4

329, 335 (7th Cir. 2009) (anti-alienation of ERISA does not preclude garnishment of retirement account for criminal restitution); *United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007) ("Congress intended to override ERISA anti-alienation provisions and allow the government to reach defendant's ERISA covered retirement plan benefits when enforcing criminal restitution order.").

Taylor's statute of conviction authorizes restitution explicitly applying the procedures for issuance and enforcement provided by sections 3663 and 3664 of Title 18. A restitution order made pursuant to such sections "is a lien in favor of the United States . . . as if the liability . . . were a liability for a tax assessed under the [IRC]" pursuant to section 3613. Section 3613 allows enforcement against "all property" of the defendant except for a short enumerated list. The exclusive list does not permit an exemption to enforcement for life insurance proceeds. Although State law may otherwise exempt certain property, the IRC preempts and excludes exemptions not itemized. Accordingly, Taylor failed to sustain her burden of proving a valid exemption exists to garnishment of the credit union savings account. Upon consideration,

**IT IS ORDERED**:

1. Ruth Taylor's Written Objection to Answer of the Garnishee and Request for Hearing (Filing No. 45) overruled as moot.

2. Ruth Taylor's Amended Written Objection to Answer of the Garnishee and Request for Hearing (Filing No. 51) is overruled.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 6th day of November, 2013.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge